UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Simon, #189626 | ) | C/A No. 9:09-893-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| The Court Reporter, | ) | |
| Lee County Clerk of Court, | ) | |
| Bishopville, South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Richard Simon, proceeding *pro se*, brings this civil action seeking a writ of mandamus. Plaintiff is an inmate at the McCormick Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name employees of a governmental entity as defendants,[1] and seeks an order requiring the defendants to provide him with certain records and documents.[2]

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.

---

[1] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[2] At first it was unclear whether the plaintiff intended to file a petition for writ of mandamus, a habeas petition pursuant to § 2254, or a § 1983 civil action. Although the plaintiff indicated that he had filed a § 2254 petition, this court did not find one filed in this district court and so advised the plaintiff. This court directed the Clerk of Court to mail the plaintiff a blank § 2254 form. Also, pursuant to this court's Order filed on May 15, 2009, the plaintiff now has a pending § 1983 civil action. *See Simon v. Court Reporter*, C/A No. 9:09-1284-CMC-BM.

1

§ 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even when considered under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

It appears that the plaintiff was convicted in 2004 in the Lee County Court of General Sessions on a murder charge and that he received a life sentence without the possibility of parole. *See* South Carolina Department of Corrections Homepage, http://www.doc.sc.gov/index.jsp (follow "research," then follow "SCDC Inmate Search," then "Search for Incarcerated Inmate," using the SCDC ID number 189626) (last visited June 10, 2009).[3] *See also* Pet. at p. 1. In his petition *sub judice*, the plaintiff alleges that he was illegally and wrongfully convicted, that South Carolina

---

[3] The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

government officials wilfully obstructed justice by covering up for police officials, prosecutors, magistrate judges, SLED, and several courts, and that he is actually innocent of the crime. Based on the plaintiff's allegations in the petition and exhibits, plaintiff believes "The Court Reporter" and the "Lee County Clerk of Court" have possession of certain documents, evidence, and information relating to his criminal case, and seeks a writ of mandamus to order the defendants to produce those records to him.

A writ of mandamus is issued only in the rarest of circumstances, and it is a drastic remedy. *See* 28 U.S.C. § 1361; *United States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004); *In Re: Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir. 2007). In *Sosa*, the Fourth Circuit Court of Appeals explained that when a litigant seeks mandamus relief he must show that, "'he had no other adequate means to attain the relief he desires' and that his right to issuance of the writ is 'clear and indisputable.'" *Id. See also In re Pruett*, 133 F.3d 275, 281 (4th Cir. 1997). Further, a federal district court may issue a writ of mandamus only against an employee or official of the United States. *See* 28 U.S.C. § 1361. *See also Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986); *Ocean Breeze Park, Inc. v. Reich*, 853 F. Supp. 906, 915 (E.D. Va. 1994), *aff'd by*, *Virginia Beach Policeman's Benevolent Ass'n v. Reich*, 96 F.3d 1440, 1996 WL 511426 (4th Cir., Sept. 10, 1996)[Table]. The United States District Court does not have jurisdiction to grant mandamus relief against state officials or private individuals. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969) (explaining that 28 U.S.C. § 1651, the "all writs statute," could not help a state prisoner obtain a free trial transcript of his criminal case); *In re Payne*, No. 08-1788, 2008 WL 5207317 at *1 (4th Cir. December 12, 2008). *See also Quadir v. Cooke*, C/A No. 4:08-498-TLW-JRM, 2008 WL 5215610 at *1, n.5 (Dec. 11, 2008). Therefore, because the Lee County Clerk of

Court is a state official,[4] and The Court Reporter is either a state official or private citizen, this court has no jurisdiction to issue a writ of mandamus against them.

As for the defendant "Bishopville, South Carolina", this defendant[5] should be dismissed for failure to state a claim on which relief may be granted. Plaintiff did not plead any factual allegations against "Bishopville, South Carolina." While the plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). Thus, the complaint fails to state a claim against Bishopville, South Carolina, and this defendant should be summarily dismissed.

Finally, the plaintiff describes certain scenarios related to co-defendants, robbery, guns, and a horrific rape. It appears that the plaintiff gives these facts in an effort to demonstrate that he was wrongfully convicted. An allegation that a state prisoner has been illegally convicted of a crime should be pursued in a habeas action under 28 U.S.C. § 2254.[6] A petition for a writ of mandamus is not the appropriate avenue for such relief.

---

[4] The Clerks of Court for the counties in South Carolina are state constitutional officials. The South Carolina Constitution provides that the General Assembly will determine the duties and compensation of clerks of court. 6 S.C. Jur. *Clerks of Court* § 3 (Sept. 2008).

[5] It is possible that the plaintiff did not intend "Bishopville, South Carolina" to be a named party and that the plaintiff listed "Bishopville, South Carolina" to clarify the location of the other two named defendants.

[6] *See* footnote 2 above. The Clerk of Court was directed to mail the plaintiff a blank § 2254 form. The Clerk of Court did so. *See* Docket Entry # 13.



4

## Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Bristow Marchant
United States Magistrate Judge

June 16, 2009

Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

6

